OPINION of the Court, by
Judge Wallace. — *
The appellant was the complainant in the court below, and his bill was there dismissed on the merits. From this circumstance, as well as from the errors he assigns, the entry on which he founds his claim ought to be first investigated. It is as follows : “July 31, 1781 — George Scott enters 411 3-4 acres, as assignee of John Lewis, to begin 10 poles from Shepherd’s southwest corner, on the west side of his lower tract, on the west fork of Cartwright’s creek, and to run with his line north to his corner, thence with another line east 260 poles, thence north, west, south and east to the beginning.” It appears that the lines and corners of a survey on Shepherd’s lower tract, had been marked by a surveyor 75 days before the date of Scott’s entry, but the plat and *64 certificate of that survey was not returned until the year 1783; so that it Could not operate as record-notice to other locators when Scott’s entry was made : and it is not proven, nor is it probable, that this marking was then known to the generality of those who where conversant in the vicinity. And in the case Key vs. Matson, and many others, it has been decided, that a call for a line which is not of record, or generally known, cannot be sustained, consistent with the requisition of the land law; that locations shall be so special and precise, that others may be enabled with certainty to appropriate the Vacant land adjoining. Moreover, in this case it has not been attempted to be shewn, that Shepherd’s entry, ahd those on which it depends; are valid, or his survey has been made conformably thereto.
.No proof of Notoriety of the furvey • called for, nor that the furvey was fejade In ton for. xnity with a valid entry. — See PKard and Ken-ten vs. Lee, as-Jlgnee of Youn% —KeyVs.Mat-fon9 and cafes there cited, Har. 70-5,
Decree affirmed.